# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMHURST BROWN III
        Plaintiff,

  v.                                                                              Case No. 13-C-262

CAROLYN W. COLVIN,
**Acting Commissioner of the Social Security Administration**
        Defendant.

## ORDER

      Plaintiff Amhurst Brown filed this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. On October 7, 2013, I reversed the decision and remanded the matter pursuant to 42 U.S.C. § 405(g), sentence four. On November 6, 2013, plaintiff filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has not responded in opposition, and the time for doing so has passed.

      Under the EAJA, the prevailing party in a civil suit against the United States may obtain attorney's fees if the government's position was not "substantially justified" and no "special circumstances" would make an award unjust. See 28 U.S.C. § 2412(d)(1); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). Because I remanded the matter pursuant to § 405(g), sentence four, and directed that judgment be entered in his favor, plaintiff is the prevailing party, see Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993), and the Commissioner does not contend that her position was substantially justified or that any special circumstances would make an award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004). I

further find, based on review of counsel's submission and the entire record, that the fees incurred were both reasonable and necessary.

**THEREFORE, IT IS ORDERED** that an award of attorney fees in the sum of $7,770.00 shall be paid by defendant in full satisfaction and settlement of any and all claims plaintiff may have in this matter pursuant to the Equal Access to Justice Act. These fees are awarded to plaintiff and not plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States. See Astrue v. Ratliff, 130 S. Ct. 2521 (2010). If counsel for the parties verify that plaintiff owes no pre-existing debt subject to offset, defendant shall direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment duly signed by plaintiff and counsel. If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to plaintiff and mailed to the business address of plaintiff's attorney.

Dated at Milwaukee, Wisconsin this 18th day of December, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge